WHEATON *v.* CHINA MUT. INS. CO.

*(District Court, S. D. New York.  April 3, 1889.)*

1. MARINE INSURANCE—LIABILITY FOR GENERAL AVERAGE.

The schooner F., loaded with cargo on a voyage from Baltimore to Stonington, having stranded, was rescued by salvors, and repaired at Philadelphia, where the losses were adjusted.  On advice of the owners of the cargo, the insurers, though refusing to accept abandonment, assented to its conveyance to Providence, there being no sale for it at S., paying the extra price for additional carriage, and superintending the sale in the owners' interest.  The insurers alleged that the signature to the general average bond by their special agent was unauthorized.  *Held,* that they were liable to the owners of the F., and that it was immaterial under the stipulation, except as to costs, whether the bond was taken to be that of the insurers or the owners of the cargo.

2. SAME—BASIS OF CONTRIBUTION.

As the voyage was completed at Providence, the sale of the cargo there, less the additional expenses, was rightly taken as a basis for contributing value.

In Admiralty.

*Wing, Shoudy & Putnam,* for libelant.

*Lester W. Clark,* for respondent.

BROWN, J.  The schooner Fessenden, on a voyage from Baltimore to Stonington, Conn., with a cargo of coal, stranded through perils of the seas.  She was rescued by salvors, and a general average adjustment thereafter made whereby there was found due from the cargo the net sum of $639.90.  The respondents were insurers of the cargo, and though they refused to accept an abandonment tendered by the cargo-owner, they

superintended the management of the cargo for his interest. The adjustment was made at Philadelphia, and the vessel was repaired there. The coal being damaged, and the owner reporting that there was no market at Stonington for damaged coal, by his advice, in which the underwriters concurred, the cargo was taken to Providence, R. I., where the voyage was completed, instead of at Stonington. The insurers paid the extra price of five cents per ton for the additional carriage. The average bond was signed in the name of the respondents by a special agent of the company at Philadelphia, without its authority, as the respondents contend, and by a misinterpretation of the written instructions which had been forwarded to him by their general agents at New York.

Under the stipulation between the parties it becomes immaterial, except as to the costs of the action, whether the bond is to be taken as the bond of the respondents or the bond of the owner, whom the respondents insured. In either event, whatever sum is found due for general average must, without dispute, be ultimately paid by the respondents; and the respondents and their agents have throughout taken upon themselves the care of the cargo-owner's interests. Under these circumstances the valuation of the vessel for the purpose of general average must be taken as provided in the bond; for the instrument is the bond either of the insurers or of the insured; and in either case, under the stipulation, that is controlling.

I am satisfied that the average adjusters rightly adopted the price obtained for the coal at Providence, less the charges and expenses. The voyage not being abandoned, but being completed by the ship, the price at the place of destination is the basis to be taken for the contributing value. By reason of the want of any proper market at Stonington, the original destination, the port of Providence was agreed on as the substituted destination, and there the voyage was completed, and the cargo delivered to the owner, and sold. The price obtained there, less the charges and extra expense of going to that port, properly becomes the basis of the contribution by the cargo. The evidence does not establish any agreement prior to the execution of the bond that the value of the cargo was to be taken at a less sum. The other objections to the adjustment are not sustained by the evidence. The adjustment is therefore upheld. But considering the doubt that exists as to the technical signature of the bond, and the probably contrary understanding of the somewhat ambiguous terms in which the instructions to the special agent were conveyed, I think, under the stipulations of the parties, the judgment should be for the libelants for $639.90, the amount claimed, with interest, but without costs.